UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT MATTHEWS                    CIVIL ACTION

VERSUS                              NO. 18-11249

AMTRUST GROUP, INS.,                SECTION M (3)
AARON'S INSURED WOODEN
PRODUCTS TRANSPORTATION,
AND SCOTTE SMITH

## ORDER & REASONS

Before the Court is a motion *in limine* by defendants Scotte Smith, Wooden Products Transportation, Inc. ("Wooden Products"), and Wesco Insurance Company ("Wesco") (collectively, "Defendants") to exclude opinion testimony from plaintiff's treating physicians at the trial of this matter.[1] Plaintiff Vincent Matthews responds in opposition,[2] and Defendants reply in further support of the motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Matthews failed to comply with the disclosure requirement of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

This case involves an automobile accident. Matthews alleges that on August 4, 2017, he was driving in the right lane on Chef Menteur Highway in New Orleans when Smith drove into Matthews's lane striking his vehicle.[4] Smith was acting in the course and scope of his employment with Wooden Products at the time of the accident.[5] Matthews filed this suit against

---

[1] R. Doc. 26.
[2] R. Doc. 27.
[3] R. Doc. 31.
[4] R. Doc. 1-1 at 2.
[5] *Id.* at 3.

Scotte, Wooden Products, and Wesco seeking damages for the injuries he sustained as a result of the accident.[6]

In May 2019, Matthews, in responding to Defendants' discovery requests, sent to Defendants his medical records from James Dyess, M.D., and Eric Lonseth, M.D. On July 1, 2019, this Court entered a scheduling order in this matter which established November 12, 2019, as the deadline for Matthews to make expert disclosures to Defendants pursuant to Rule 26(a)(2)(B) and (C).[7] Matthews did not provide disclosures for Dr. Dyess or Dr. Lonseth.[8] On December 10, 2019, Matthews filed his witness list, which lists Dr. Dyess and Dr. Lonseth without any explanation of their expected testimony.[9] Defendants seek to exclude the opinion testimony of Dr. Dyess and Dr. Lonseth, particularly as to medical causation, for Matthews's failure to provide Rule 26(a)(2)(C) disclosures.[10] Matthews argues that providing the medical records is sufficient.[11]

## II. LAW & ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. An expert that is retained by a party for purposes of litigation is required to provide an expert report pursuant to Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(a)(2)(B). Prior to 2010, non-retained experts, such as treating physicians, were exempt from Rule 26's expert reporting requirements. *Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sept. 4, 2019) (citations omitted). In 2010, Rule 26(a)(2)(C) was added, which provides a modified disclosure

---

[6] *Id.* at 1-4.
[7] R. Doc. 20 at 2-3.
[8] R. Doc. 26-1 at 1-2.
[9] R. Doc. 23 at 1.
[10] R. Doc. 26-1 at 3-9. Defendants also seek to exclude Dr. Dyess's testimony because his medical license has been suspended due to pending criminal charges. *Id.* at 9-12. It is unnecessary to address this issue because the Court finds that Dr. Dyess's opinions on medical causation should be excluded due to Matthews's failure to make the required disclosures.
[11] R. Doc. 27 at 2-3.

requirement applicable to non-retained experts, such as treating physicians. *Id.* (citations omitted). Rule 26(a)(2)(C) requires that a party, with respect to a non-retained expert, provide a written disclosure stating: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

A Rule 26(a)(2)(C) disclosure "need not be extensive," but must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (internal quotation marks and citation omitted; emphasis in original). Although "the rule does not require overly comprehensive disclosure … it does require disclosure in at least *some* form" in order "to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary." *Id.* (citation omitted; emphasis in original). Moreover, "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Housing Sys., LLC*, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (citation omitted); *see also Knighton v. Lawrence*, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("[Under Rule 12(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.").

"Failure to comply with the deadline for disclosure requirements results in mandatory and automatic exclusion under Federal Rule of Civil Procedure 37(c)(1)." *Tucker*, 2019 WL 4198254, at *2 (internal quotation marks and citations omitted). And the excluded witnesses may not offer testimony to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining

whether the failure was substantially justified or harmless, courts consider: "(1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice." *Leggett v. Dolgencorp. LLC*, 2017 WL 4791183, at *2 (E.D. La. Oct. 24, 2017) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Here, Matthews did not comply with Rule 26(a)(2)(C). Although he provided his medical records from Dr. Dyess and Dr. Lonseth and included their names on his witness list, he did not provide any description or summary of their opinions or expected testimony on medical causation or the facts on which those opinions rely. Nor did Matthews make any effort to disclose timely where in the medical records defendants might find such information. Providing medical records and expecting defendants to search for the opinions that may be contained therein does not satisfy Rule 26(a)(2)(C), and Matthews has not offered any justification for his failure to comply with the rule or any explanation of why such failure is harmless. Thus, Dr. Dyess and Dr. Lonseth's opinion testimony on medical causation must be excluded under Rule 37.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that defendants' motion *in limine* (R. Doc. 26) is GRANTED, and Dr. Dyess and Dr. Lonseth will not be permitted to offer any opinion testimony as to medical causation.

New Orleans, Louisiana, this 14th day of January, 2020.

                                                               _____
                                                               BARRY W. ASHE
                                                                UNITED STATES DISTRICT JUDGE